86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Hoyt OSBORNE, Defendant-Appellant.
 No. 95-10011.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1996.
Decided May 23, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Hoyt Osborne appeals his conviction for establishing a methamphetamine manufacturing operation in violation of 21 U.S.C. § 846. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Osborne argues that the district court erred by denying his motion to suppress evidence found at his home during execution of a search warrant, because the warrant was based on an affidavit that, when purged of intentionally or recklessly false statements under Franks v. Delaware, 438 U.S. 154 (1978), did not constitute probable cause for issuance of the warrant.
 
 
 4
 The district court, after listening to live testimony, found that Officer Hunt truthfully stated in his affidavit supporting the search warrant that he had conducted surveillance of Osborne to his home on the day of the drug deal. This factual finding is not clearly erroneous, given Hunt's testimony, subject to cross-examination, that he observed Osborne drive his vehicle into a driveway which Hunt later learned was Osborne's residence. United States v. Sitton, 968 F.2d 947, 955 (9th Cir.), cert. denied, 506 U.S. 979 (1992), and cert. denied, 507 U.S. 929 (1992). The district court found that Hunt's statement that Wheeler was with Osborne when Osborne went to the MacGregor residence may have been false. The court also found, however, that Osborne failed to prove that any false statements were made recklessly or with reckless disregard for the truth. This finding was not clearly erroneous. United States v. Williams, 989 F.2d 1061, 1066 (9th Cir.1993). Inasmuch as Osborne's challenge to the district court's probable cause finding depends on the falsity of Hunt's statement, we reject it as well.
 
 II
 
 5
 Osborne next argues that the evidence presented at trial was insufficient for the jury to convict him of opening or maintaining a residence for the purpose of manufacturing, distributing, or using methamphetamine. We disagree.
 
 
 6
 The evidence presented during Osborne's trial established, among other things, that he had a long history of distributing methamphetamine, that he agreed to rent the residence knowing that others would use it to manufacture methamphetamine, that he helped prepare the residence for the manufacturing process, that he was present when methamphetamine was manufactured at the residence, and that when they were done, he helped clean the residence. Viewing this evidence in the light most favorable to the government, we agree with the district court that there was sufficient evidence for the jury to convict Osborne.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3